## SHECKELS, SURVIVING EXECUTRIX OF SHECKELS, *v.* DISTRICT OF COLUMBIA.

### APPEAL FROM THE COURT OF CLAIMS.

No. 144. Argued January 28, 1918.—Decided March 18, 1918.

Under the Act of June 16, 1880, c. 243, 21 Stat. 284, as amended March 3, 1881, c. 134, 21 Stat. 566, conferring jurisdiction on the Court of Claims over certain claims against the District of Columbia,

a claimant is not entitled to receive interest as such; save any that may accrue after rendition of the judgment, where the recovery is not based upon a contract expressly stipulating for interest.   Rev. Stats., § 1091.

The provision of § 6 of the Act of 1880, *supra*, for satisfying such judgments with bonds bearing coupons for interest from the date upon which the claims were due and payable, amounted to giving interest, at a limited rate, before and after judgment, where payment was made in that mode; but where the amount of such bonds remaining unissued, of the maximum authorized by that section, was less than the amount of the claim allowed, the Court of Claims properly adjudged that, with respect to any part of the claim not paid in that special manner, there was no right to interest prior to the rendition of the judgment.

Affirmed.

THE case is stated in the opinion.

*Mr. John Raum,* with whom *Mr. V. B. Edwards* was on the briefs, for appellant.

*Mr. Assistant Attorney General Thompson* for appellee.

MR. JUSTICE PITNEY delivered the opinion of the court.

This is an appeal by claimant in a suit that was commenced by her testator in the Court of Claims in the year 1880, under Act of June 16, 1880, c. 243, 21 Stat. 284.   A judgment was rendered in claimant's favor after the amendatory Act of February 13, 1895, c. 87, 28 Stat. 664 (*Johnson* v. *District of Columbia*, 31 Ct. Clms. 395), which judgment was reversed by this court in 1897, and the cause remanded for further proceedings (*District of Columbia* v. *Johnson*, 165 U. S. 330).   After a long delay, proceedings were had which resulted in a judgment in favor of claimant February 21, 1916, from which the District of Columbia has not appealed.

Claimant's appeal relates to the question of interest

upon the amount recovered. The form of the judgment is that the claimant "do have and recover of and from the District of Columbia in the manner provided by the Act of June 16, 1880, Chapter 243, Seven thousand three hundred and six dollars and twenty-five cents ($7,306.25). Said amounts were due and payable April 1, 1876, but said judgment shall bear interest only from the date of its rendition, and is payable as provided by section 6 of the Act of June 16, 1880 (21 Stat. L., p. 284), as amended by the Act of March 3, 1881 (21 Stat. L., p. 466)." There is no finding that the claim is based upon a contract expressly stipulating for the payment of interest.

It is insisted that the court erred in allowing interest only from the date of judgment, rather than from April 1, 1876, the day on which the claim became due and payable.

The Act of 1880, in its first section, conferred jurisdiction upon the Court of Claims over all claims then existing against the District of Columbia arising out of certain operations of the District government during the preceding decade; and as to procedure it declared: "Said Court of Claims shall have the same power, proceed in the same manner, and be governed by the same rules, in respect to the mode of hearing, adjudication, and determination of said claims, as it now has in relation to the adjudication of claims against the United States." This, if it stood alone, would leave the question of interest to be governed by the general principle that interest is not recoverable from the government, embodied in § 1091, Rev. Stats.: "No interest shall be allowed on any claim up to the time of the rendition of judgment thereon by the Court of Claims, unless upon a contract expressly stipulating for the payment of interest," still in force as § 177, Judicial Code, 36 Stat. 1141, c. 231.

But other sections of the Act of 1880 contain provisions that must be considered. By § 5 it was enacted that, where no appeal was taken, or on affirmance of a judgment

in favor of the claimant, "the sum due thereby shall be paid, as hereinafter provided, by the Secretary of the Treasury," upon presentation to him of a copy of the judgment properly certified. And by § 6 the Secretary was authorized to demand of the sinking fund commissioner of the District of Columbia so many of the 3.65 per cent. bonds authorized by Act of Congress approved June 20, 1874, c. 337, 18 Stat. 120, and amendatory acts, as might be necessary for the payment of the judgments; "which bonds shall be received by said claimants at par in payment of such judgments, and shall bear date August first, eighteen hundred and seventy-four, and mature at the same time as other bonds of this issue; *Provided,* That before the delivery of such bonds as are issued in payment of judgments rendered as aforesaid on the claims aforesaid, the coupons shall be detached therefrom from the date of said bonds to the day upon which such claims were due and payable; and the gross amount of such bonds heretofore and hereafter issued shall not exceed in the aggregate fifteen millions of dollars." By amendment of March 3, 1881, c. 134, 21 Stat. 458, 566, the Treasurer of the United States as *ex officio* sinking fund commissioner was authorized, whenever in his opinion it would be more advantageous for the interest of the District of Columbia to do so, to sell the bonds and pay the judgments from the proceeds of the sales instead of delivering the bonds to the claimants.

Under the Act of 1880, the Court of Claims held that it was necessary it should determine when the claims were due and payable within the meaning of the act, and specify the date in the judgment, in order that the Secretary of the Treasury might know what coupons, if any, were to be detached from bonds delivered by him in payment. *Fendall's Case,* 16 Ct. Clms. 106, 121. See *District of Columbia v. Johnson,* 165 U. S. 330, 336.

Construing §§ 1, 5, and 6 of the Act of 1880 in connec-

tion with § 1091, Rev. Stats., it is plain that the claimant in such a judgment is not entitled to a recovery of interest as such, saving any that may accrue after the rendition of the judgment, unless the recovery be based upon a contract expressly stipulating for the payment of interest. Section 6, however, provided a special fund out of which claims of this character might be paid, and as this consisted of coupon bonds dated in 1874 and maturing 50 years later, the provision to the effect that coupons maturing after the date upon which the claim was due and payable should accompany the bonds amounted to giving interest at a limited rate, before and after judgment, where payment was made in that mode.

But this special mode of payment was qualified by a proviso that the gross amount of such bonds should not exceed $15,000,000; and, as it happens, all except $2,700 had been issued prior to the entry of the judgment now under review. This is admitted in appellant's brief, and may be additionally verified by reference to Annual Report of the Secretary of the Treasury on the State of the Finances for the fiscal year ended June 30, 1915, p. 122; like report for the following fiscal year, p. 92.

It was not erroneous for the Court of Claims to take note of the fact that, at the utmost, only a part of the claim could be paid in bonds or from the proceeds of bonds, and that with respect to any part not paid in this special manner there was no right to interest prior to the rendition of the judgment. This is the effect of the judgment as entered.

*Affirmed.*

MR. JUSTICE McREYNOLDS took no part in the consideration or decision of this case.